1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRION LARRY ALEXANDER, | Case No. 1:16-cv-01832-AWI-SAB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| Y. HICKS, et al., | (ECF No. 1) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Darrion Larry Hicks is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed November 22, 2016.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## DISCUSSION

Plaintiff brings this action alleging that funds to pay his court fees were improperly deducted from his trust account. On December 4, 2014, Plaintiff received a transfer of $200.01 into his trust account. Defendant Hicks placed an encumbrance hold on Plaintiff's trust account for $40.00 each to pay fees due for two court cases. Plaintiff filed an appeal on January 8, 2015. Defendant Hicks admitted that the amount taken from Plaintiff's account was too high and $10.00 was returned to his trust account. Plaintiff contends that Defendant Hicks falsified his trust account statement to show that $30.14 was deducted from his trust account on January 1, 2015. Defendants Dailo, Best, and Wood reviewed Plaintiff's grievance and denied or rejected it.

Plaintiff is bringing this action against the Defendant Hicks and Defendants Dailo, Best, and Wood who considered his appeals. Plaintiff also includes as a defendant J. Pimentel who is a trust officer. Plaintiff alleges that the deprivation of funds from his trust account violates the Due Process Clause of the Fourteenth Amendment and constitutes cruel and unusual punishment

1  in violation of the Eighth Amendment.

2    **A. Eighth Amendment**

3    The Eighth Amendment's prohibition against cruel and unusual punishment protects

4  prisoners not only from inhumane methods of punishment but also from inhumane conditions of

5  confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v.

6  Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981))

7  (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive

8  and harsh, they must not involve the wanton and unnecessary infliction of pain.  Morgan, 465

9  F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).  Thus, conditions

10  which are devoid of legitimate penological purpose or contrary to evolving standards of decency

11  that mark the progress of a maturing society violate the Eighth Amendment.  Morgan, 465 F.3d

12  at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002);

13  Rhodes, 452 U.S. at 346.

14    Prison officials have a duty to ensure that prisoners are provided adequate shelter, food,

15  clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th

16  Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains

17  while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks

18  omitted).  To maintain an Eighth Amendment claim, a prisoner must show that prison officials

19  were deliberately indifferent to a substantial risk of harm to his health or safety.  E.g., Farmer,

20  511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels,

21  554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731;

22  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

23    Plaintiff's allegations that funds were improperly deducted from his trust account do not

24  demonstrate that he was at a serious risk of harm.  Plaintiff's allegations regarding deprivation of

25  his property do not arise under the Eighth Amendment.

26    **B. Fourteenth Amendment**

27    Plaintiff alleges that Defendant Hicks improperly withdrew funds from his inmate trust

28  account to pay his court fees.  "The Fourteenth Amendment's Due Process Clause protects

1  persons against deprivations of life, liberty, or property; and those who seek to invoke its

2  procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin,

3  545 U.S. 209, 221 (2005).

4          1.   Deprivation of Property

5       Plaintiff alleges that funds were improperly deducted from his trust account.  Plaintiff has

6  a protected interest in the funds in his trust account.  Quick v. Jones, 754 F.2d 1521, 1523 (9th

7  Cir. 1985); Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).   Authorized, intentional

8  deprivations of property are actionable under the Due Process Clause, see Hudson v. Palmer, 468

9  U.S. 517, 532, n.13 (1984); Quick, 754 F.2d at 1524, but the Due Process Clause is violated only

10 when the agency "prescribes and enforces forfeitures of property without underlying statutory

11 authority and competent procedural protections," Nevada Dept. of Corrections v. Greene, 648

12 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2013))

13 (internal quotations omitted).

14      On screening, the court is to accept the allegations in the complaint as true.  Iqbal, 556

15 U.S. at 678.  However, the Court is not required to accept as true allegations that contradict

16 exhibits attached to the complaint or matters properly subject to judicial notice, or allegations

17 that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. Daniels-

18 Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).  Plaintiff's allegations that the

19 funds were improperly deducted from his trust account are contradicted by the exhibits attached

20 to his complaint.

21      Here, Plaintiff admits that he has previously filed two court cases, and the record

22 demonstrates that the filing fees for these cases are outstanding.  (ECF No. 1-1 at 2.[1])  The

23 withdrawal of funds to pay Plaintiff's court fees was authorized by 28 U.S.C. § 1915(b)(2) which

24 provides that "the prisoner shall be required to make monthly payments of 20 percent of the

25 preceding month's income credited to the prisoner account."  The Supreme Court recently held

26 that the twenty percent applies on a per case basis.  Bruce v. Samuels, 136 S. Ct. 627, 632

27

---

28 [1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1   (2016).  Therefore, Defendant Hicks did not illegally place a hold on the funds in Plaintiff's trust

2   account on December 4, 2010, because $200.01 was placed in his trust account on that day.

3   (ECF No. 1-1 at 4.)   The statute required the prison to collect twenty percent for each of

4   Plaintiff's actions, or a total of $40.00 each.  Defendant Hicks properly encumbered $80.00 from

5   Plaintiff's trust account to pay the court fees due.

6        When the funds were deducted from Plaintiff's account on January 1, 2015, $40.00 was

7   deducted for the first case, however, only $30.01 was deducted for the second case because the

8   statute provides that $10.00 is to be left in the inmate's trust account.  (ECF No. 1-1 at 8.)

9   Plaintiff has failed to allege sufficient facts from which the Court can infer that Defendant Hicks

10  improperly deducted funds from Plaintiff's inmate trust account.  Plaintiff has failed to state a

11  cognizable claim against Defendant Hicks.

12        2.   <u>Inmate Appeal</u>

13        Plaintiff contends that this due process rights were violated when prison officials refused

14  to process his appeals.  Plaintiff does not a have protected liberty interest in the processing his

15  appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the

16  handling or resolution of his appeals.  <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003)

17  (citing <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988)).

18        Generally, denying a prisoner's administrative appeal does not cause or contribute to the

19  underlying violation.  <u>George v. Smith</u>, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks

20  omitted).   However, because prison administrators cannot willfully turn a blind eye to

21  constitutional violations being committed by subordinates, <u>Jett v. Penner</u>, 439 F.3d at 1098, there

22  may be limited circumstances in which those involved in reviewing an inmate appeal can be held

23  liable under section 1983.  That circumstance has not been presented here.

24        Plaintiff has failed to state a cognizable claim for relief based upon the denial or rejection

25  of his inmate appeals.

26  **C.    Leave to Amend**

27        Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's

28  pleading once as a matter of course at any time before a responsive pleading is served.  Fed. R.

1  Civ. P. 15(a)(1).  Otherwise, a party may amend only by leave of the court or by written consent

2  of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P.

3  15(a)(2).  In determining whether to grant leave to amend, the court considers five factors: "(1)

4  bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5)

5  whether the plaintiff has previously amended his complaint."  Nunes v. Ashcroft, 375 F.3d 805,

6  808 (9th Cir. 2004).

7       In this instance, the Court finds that amendment of the complaint would be futile.

8  Accordingly, the Court recommends that the complaint be dismissed without leave to amend.

9                                          **III.**

10                      **CONCLUSION AND RECOMMENDATION**

11       Based on the foregoing, it is HEREBY RECOMMENDED that this action be

12  DISMISSED for failure to state a cognizable claim for relief.

13       This findings and recommendations will be submitted to the United States District Judge

14  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days**

15  after being served with this findings and recommendations, Plaintiff may file written objections

16  with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings

17  and Recommendation."  Plaintiff is advised that failure to file objections within the specified

18  time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39

19  (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

20

21  IT IS SO ORDERED.

22  Dated:  __**April 5, 2017**__

                                        UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28